**SHAKED LAW GROUP, P.C.**
ATTORNEYS-AT-LAW
14 HARWOOD COURT, SUITE 415
SCARSDALE, NEW YORK 10583

_____

TEL.  (917) 373-9128
ShakedLawGroup@Gmail.com

December 21, 2022

The Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re:    **Rasheta Bunting, *et al*. v. Six And Ait Inc.**
             **Case No. 22-cv-4554 (CBA) (VMS)**

Dear Judge Amon:

    We represent Rasheta Bunting ("Plaintiff"), the plaintiff in the above-referenced matter which was brought pursuant to, *inter alia*, the Americans with Disabilities Act of 1990 (the "ADA"). In accordance with Your Honor's Individual Motion Practices and Rules, Rule 3(A), we respectfully write in response to Defendant, Six And Ait, Inc.'s ("Six And Ait") motion to dismiss which was filed on Thursday, December 15, 2022 at 10:24 p.m. (the "Motion"). As detailed below, Plaintiff intends to file an amended complaint (the "Amended Complaint") in this matter and respectfully requests 21 days to do so.

    While Plaintiff believes that the operative complaint would survive the Motion, the anticipated Amended Complaint will address any purported grounds for dismissal by further detailing and explaining Plaintiff's intention to return to the website amongst other issues outlined in the pre-motion letter.

**Defendant's Pre-Motion letter makes false claims**.

    While a filing of motion papers on the twilight of the last possible day is always suspect – the motion was filed on the last day of the extended deadline to file an answer at 10:24 p.m. and 134 days from the initial filing of the action – it is more suspect when it appears that the moving party has not even read the Complaint or know anything about itself.

    In page two of the letter, Defendant's counsel alleges that "[Plaintiff] does not specify the type of service she wanted to book." However, paragraphs 10, 20, and 43 of the Complaint state, "Plaintiff was unable to make a booking for **microblading** with an artist . . ." (emphasis added). Page three of Defendant's letter goes so far as admitting this by quoting from the Complaint that Plaintiff will definitely visit the Website in the future in order to try and book appointments for **microblading** services." (emphasis added).

Hon. Carol Bagley Amon
December 21, 2022
Page 2

  Furthermore, Defendant's counsel claims that Defendant does not have a "place of public accommodation" and is a standalone website when it is undisputed that Defendant has a physical location at 327 Seventh Avenue, New York, NY 10001 where customers can make appointments for services, including microblading. Microblading is not something that can be done virtually. Thus, Defendant is **not** a standalone commercial website since there is a nexus to a physical location.

  In support of its false allegation that it is an entity that operates only online, Defendant's counsel cites a single case from this district that hold that standalone websites are not a place of public accommodation if there is no nexus to a physical location *See Martinez v. MyLife.com, Inc*., No. 21-cv-4779 (BMC), 2021 WL 5052745, at *2 (E.D.N.Y. Nov. 1, 2021). However, Defendant's counsel conveniently ignores the more recent decision by Judge Nicholas G. Garaufis which, after a thorough analysis of existing precedent, statutory interpretation, textual arguments, dynamic interpretation, the legislative history of the ADA, and guidance from the Department of Justice, concluded that "this court understands the term 'place of public accommodation' within the ADA such that standalone commercial websites . . . are covered entities under the statute. *See Martinez v. Gutsy LLC*, No. 22-cv-409 (NGG)(RLM), (E.D.N.Y. Nov. 29, 2022).

  In short, Defendant's arguments are flawed, false, and have been examined and rejected repeatedly in this and other Districts, and therefore does not form a proper basis for a motion to dismiss. Nevertheless, Plaintiff respectfully requests permission to file an amended complaint in order to address any purported grounds for dismissal.

                 Respectfully submitted,
                 */s/Dan Shaked*
                 Dan Shaked, Esq.

cc: All Counsel of Record (via ECF)