access barriers (whereas for brick-and-mortal locations it can be attributed to proximity, travel time, etc.). *See Sanchez v. Nutco, Inc.*, 10-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247, at *7 (S.D.N.Y. Mar. 22, 2022) (citing *Quezada v U.S. Wings, Inc.*, 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057, at *4 (S.D.N.Y. Dec. 7 2021)).

In sum, Plaintiff has offered sufficient details and context for standing, especially considering that she amended her complaint to do so. *Cf. Harty v. West Point Realty, Inc.*, 28 F.4th 435, 444–45 (2022) (discussing the effect of plaintiff declining an opportunity to amend).

### **Place of Public Accommodation**

Perhaps recognizing the shortcomings of its injury-in-fact argument, Defendant tries a fallback statutory argument. Defendant claims that it is *not* covered under the ADA because it is "not a place of public accommodation" as it operates a website. That logic is foreclosed by both statutory text and precedent.

To begin with, the statutory text of the ADA expressly includes "beauty shop" as one type of covered public accommodation. 42 U.S.C. § 12181 (7)(F). And, by its own admission, Defendant operates a "boutique beauty studio." Turning to precedent, true enough, courts in the Second Circuit are split on whether a website—standing alone—qualifies a place of public accommodation. But there is no need to even address this question since Defendant is *not* a standalone website, and the statutory text already offers a sufficient, clear answer. Not to mention, "when the website in question serves as an adjunct to a brick-and-mortar business," as here, "district courts in this Circuit have generally concluded that a website *does* qualify as a place of public accommodation." *See Martinez v. MyLife.com, Inc.*, 2021 WL 5052745, at *3 (E.D.N.Y. Nov. 1, 2021). Nevertheless, even if Defendant was a standalone website, it would still qualify as a place of public accommodation under more recent decisions of this court. *See Martinez v. Gutsy LLC*, No. 22-cv-409 (NGG)(RLM), (E.D.N.Y. Nov. 29, 2022) ("this court understands the term 'place of public accommodation' within the ADA such that standalone commercial websites . . . are covered entities under the statute"). Thus, whether as a matter of statute or precedent, Defendant is a place of public accommodation and covered under the ADA.

### **Conclusion**

For the above reasons, Plaintiff does not believe that any supportable grounds exist for Defendant to proceed, in good faith, with a motion to dismiss. Plaintiff asks this Court to deny Defendant's request for leave to move to dismiss.

                                                                        Respectfully submitted,
                                                                         */s/Dan Shaked*
                                                                         Dan Shaked, Esq.

cc:      Counsel for Defendant (via ECF)