# SHAKED LAW GROUP, P.C.
ATTORNEYS-AT-LAW
14 HARWOOD COURT, SUITE 415
SCARSDALE, NEW YORK 10583

_____

TEL. (917) 373-9128
ShakedLawGroup@Gmail.com

January 20, 2023

**FILED BY ECF**
Hon. Carol Bagley Amon
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Plaintiff's Opposition to Defendant's Pre-Motion Conference
      *Rasheta Bunting v. Six And Ait Inc.,* Case No. 1:22-cv-04554-CBA-VMS

Dear Judge Amon:

  Plaintiff, Rasheta Bunting ("Plaintiff"), by and through her counsel, respectfully submits this letter in opposition to Defendant Six and Ait's ("Defendant") latest request for a pre-motion conference, dated January 16, 2023. *See* ECF Dkt. 16. This letter serves as Plaintiff's response, under Rule 3 of this Court's Individual Motion Practices and Rules, in the matter above.

## Background

  Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using her computer. First Amended Class Action Complaint ¶ 2 ("FAC"). Defendant operates a beauty and eyebrow-specialty shop in Midtown Manhattan. *See id.* ¶¶ 18–21. It mainly offers "custom bespoke eyebrow treatments" for its clientele. This suit concerns Defendant's inaccessible website, which is what allows customers to request and schedule appointments. Plaintiff made multiple attempts—none of which were successful—to use Defendant's website to request an appointment. *E.g., Id.* ¶ 10 ("Plaintiff browsed and intended to make an online booking for microblading with an artist for September 2022 at Defendant's NYC location on Sixandait.com"); *see also id.* ¶¶ 36, 43.[1]

## Defendant's Pre-Motion Letter

  Defendant requests to file a motion to dismiss on the grounds that Plaintiff cannot establish an injury in fact and so lacks standing. In its view, that's because Plaintiff cannot "plausibly establish that she actually intends to return to Defendant's website." ECF Dkt. 16 at 2. Still, even if she could do so, "given the overall difficulty of finding any available bookings" for All customers, Defendant concludes, it would not change the outcome anyway. Apart from

---

[1] Plaintiff offered additional context/factual information in an amended complaint specifically responsive to Defendant's first pre-motion letter, dated December 15, 2022. In so doing, Plaintiff tried to provide information that would answer Defendant's various questions—like "the type of service she wanted to book," *see* ECF Dkt. 9 at 2—with detailed information. But Defendant now avers that this still doesn't cut it.

standing, Defendant separately argues that Plaintiff fails to state a claim since its website is "not a place of public accommodation" under the ADA. *Id.* at 3 (internal quotation omitted).

## Standing

At all stages of litigation, a plaintiff must have Article III standing to sue in federal court. *See Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 73 (2d Cir. 2022). In particular, "a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187 (2d Cir. 2013); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200–03 (2021).[2]

Relevant here for an injury in fact, in the Second Circuit, courts examine a plaintiff's intent to return "to ensure that the risk of harm is sufficiently imminent and substantial to establish standing." *Swarovski*, 36 F.4th at 74–75 (cleaned up) (citation omitted). To be sure, the intent-to-return inquiry is not that arduous or tricky; it is "a context-specific task that requires a reviewing court to draw on its judicial experience and common sense," mainly assessing the plausibility of a plaintiff's allegations. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Here, Plaintiff has adequately demonstrated her intent to return to Defendant's website for standing purposes. Among other things, the FAC includes specific dates along with the type of services Plaintiff would like to book. For example, she had attempted to make an "online booking for microblading with an artist for September 2022." FAC ¶ 10. Before then, as another example, she had tried to make an appointment "on July 31, 2022, but was unable to do so independently because of the many access barriers on Defendant's website." *Id.* ¶ 43. In part, Plaintiff's FAC had attempted to resolve Defendant initial complaints—in its December pre-motion letter—which offered specific examples (e.g., the type of service) that would show an intent to return. ECF Dkt. 9 at 2–3. Defendant's latest submission bypasses much of this and pivots to a novel theory: Plaintiff's difficulty finding an appointment is "actually explained" by the salon's popularity/demand "rather than the website's inaccessibility." *Id.* That cannot stand.

The issue is not whether an appointment is or is not available, the issue is that the calendar feature of the website is not accessible *ab initio*. Neither Plaintiff nor any other blind screen reader user is able to activate the calendar since it can only be activated when using a mouse. FAC ¶ 36.

Furthermore, Defendant fails to distinguish between future visits to a website versus future visits to a physical location. Unlike a brick-and-mortar facility, a website is instantly accessible at any moment, and, thus, an inability to make a purchase can only be attributed to

---

[2] As a preliminary matter, since Defendant principally focuses on the injury-in-fact element of standing, Plaintiff does not address the other elements in great detail. Plaintiff does not waive her right to assert other forms of injury for standing. *See, e.g., Harty*, F.4th at 444–45 (informational injury); *Kreisler*, 731 F.3d at 188 ("deterrence constitutes an injury under the ADA").

access barriers (whereas for brick-and-mortal locations it can be attributed to proximity, travel time, etc.). *See Sanchez v. Nutco, Inc.*, 10-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247, at *7 (S.D.N.Y. Mar. 22, 2022) (citing *Quezada v U.S. Wings, Inc.*, 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057, at *4 (S.D.N.Y. Dec. 7 2021)).

In sum, Plaintiff has offered sufficient details and context for standing, especially considering that she amended her complaint to do so. *Cf. Harty v. West Point Realty, Inc.*, 28 F.4th 435, 444–45 (2022) (discussing the effect of plaintiff declining an opportunity to amend).

**Place of Public Accommodation**

Perhaps recognizing the shortcomings of its injury-in-fact argument, Defendant tries a fallback statutory argument. Defendant claims that it is *not* covered under the ADA because it is "not a place of public accommodation" as it operates a website. That logic is foreclosed by both statutory text and precedent.

To begin with, the statutory text of the ADA expressly includes "beauty shop" as one type of covered public accommodation. 42 U.S.C. § 12181 (7)(F). And, by its own admission, Defendant operates a "boutique beauty studio." Turning to precedent, true enough, courts in the Second Circuit are split on whether a website—standing alone—qualifies a place of public accommodation. But there is no need to even address this question since Defendant is *not* a standalone website, and the statutory text already offers a sufficient, clear answer. Not to mention, "when the website in question serves as an adjunct to a brick-and-mortar business," as here, "district courts in this Circuit have generally concluded that a website *does* qualify as a place of public accommodation." *See Martinez v. MyLife.com, Inc.*, 2021 WL 5052745, at *3 (E.D.N.Y. Nov. 1, 2021). Nevertheless, even if Defendant was a standalone website, it would still qualify as a place of public accommodation under more recent decisions of this court. *See Martinez v. Gutsy LLC*, No. 22-cv-409 (NGG)(RLM), (E.D.N.Y. Nov. 29, 2022) ("this court understands the term 'place of public accommodation' within the ADA such that standalone commercial websites . . . are covered entities under the statute"). Thus, whether as a matter of statute or precedent, Defendant is a place of public accommodation and covered under the ADA.

**Conclusion**

For the above reasons, Plaintiff does not believe that any supportable grounds exist for Defendant to proceed, in good faith, with a motion to dismiss. Plaintiff asks this Court to deny Defendant's request for leave to move to dismiss.

Respectfully submitted,
*/s/Dan Shaked*
Dan Shaked, Esq.

cc: Counsel for Defendant (via ECF)